IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Latanya G. Cochran, | ) | C/A No.: 1:13-676-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Nicole English, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner, who is proceeding *pro se*, is a federal prisoner incarcerated in Florida. She filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that she is a natural person not subject to the authority of the government. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring a response from the respondent.

I.      Factual and Procedural Background

Petitioner pled guilty in the District of South Carolina to conspiracy to defraud the United States and was sentenced to eighteen months imprisonment on October 12, 2012. *United States v. Cochran*, No. 2:12–119–TLW-2 ("*Cochran I*"). She did not file a direct appeal, but filed a post-conviction motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 on November 30, 2012. *Id.* at Entry #509. Petitioner's *pro*

*se* § 2255 motion is pending in her criminal case. Petitioner now files this habeas action pursuant to 28 U.S.C. § 2241.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.     Analysis

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted). In *Rumsfeld*, the Supreme Court, interpreting the "within their respective jurisdiction" language in § 2241(a), stated that the word "jurisdiction" was not used "in the sense of subject-matter jurisdiction of the District Court." *Id.* at 434 n.7. The Supreme Court has not clarified the exact nature of the "jurisdiction" restriction in § 2241. Further, the Fourth Circuit recently declined to resolve whether the language in § 2241(a) presents an issue material to jurisdiction or venue, concluding only that the phrase "identifies the proper location of the federal district in which a habeas petition should be filed." *Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011). In the present case, Petitioner is confined in Florida. [Entry #1 at 1]. Therefore, Petitioner failed to file the instant § 2241 petition in the proper district court. As such, the petition is recommended for summary dismissal.

Further, to the extent this court is not deprived of jurisdiction over the subject matter of Petitioner's action, the case is still subject to summary dismissal. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982 at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless she can demonstrate that the relief available to her under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Petitioner cannot demonstrate that § 2255 is inadequate or ineffective because she has a § 2255 motion currently pending before this court. Furthermore, Petitioner cannot meet the test set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law. *Id.* In *Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. The petition provides no evidence that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Further, to the extent Petitioner attempts to challenge her sentence under § 2241, she cannot do so because Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th

5

Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Therefore, because Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, she is barred from proceeding with this habeas corpus action under § 2241. Additionally, because it is not in the interest of justice to transfer this petition to the appropriate district court, it is recommended that this case be summarily dismissed.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without requiring an answer from the respondent.

IT IS SO RECOMMENDED.

May 20, 2013                                         Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).