IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latanya G. Cochran, ) | |
| ) | C/A No. 1:13-676-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nicole English, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss Petitioner's 28 U.S.C. § 2241 petition without prejudice and without requiring a response from Respondent. For the reasons stated below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Petitioner is a federal prisoner incarcerated in Florida. On November 30, 2012, she filed a *pro se* post-conviction motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 which is currently pending in her criminal case. *United States v. Cochran*, No. 2:12-119-TLW-2, Entry #508 ("*Cochran I*"). In March 2013, Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241. (Dkt. No. 1). This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the petition under the Rules Governing § 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The Magistrate Judge then filed an R&R on May 20, 2013, recommending that the petition be

---

[1] The Rules Governing Section 2254 are applicable to habeas actions under § 2241. *See* Rule (1)(b).

1

dismissed without prejudice and without requiring a response from Respondent. (Dkt. No. 6). Petitioner has not filed timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss the Petitioner's § 2241 petition for a writ of habeas corpus because she failed to file her petition in the proper district court and fails to satisfy the requirements of the "savings clause" of § 2255. 28 U.S.C. § 2255(e).

According to § 2241(a), district courts may grant writs of habeas corpus "within their respective jurisdictions." Courts should direct the writs to the "person who has the immediate

2

custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citation omitted). Generally, "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Furthermore, to issue a writ, the court must have jurisdiction over the custodian, and jurisdiction exists only where the petitioner is confined. *Id.* at 442-43. This Court does not have jurisdiction over the federal prison in Florida where Petitioner is confined and therefore her § 2241 petition is dismissed.

Further, even if this Court had jurisdiction over this action, her § 2241 petition is barred because she cannot demonstrate that the remedy provided by § 2255 is inadequate or ineffective because she has a § 2255 motion currently pending before this Court. The "savings clause" provides that a prisoner seeking a writ of habeas corpus must first apply for relief, by § 2255 motion, to the court which sentenced him unless "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To trigger the § 2255(e) "savings clause," Petitioner must show that "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner pled guilty to conspiracy to defraud the United States. She provides no evidence that the conduct for which she was convicted has been deemed non-criminal by any change in substantive law. Furthermore, Petitioner is barred from challenging only her sentence because the Fourth Circuit has not extended the savings clause to petitioners challenging only

their sentence. *Id.*; *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). Thus, Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective in accordance with the savings clause in § 2255(e).

## Conclusion

After review of the record, the Magistrate Judge's R&R, and the applicable law, the Court finds that the R&R accurately portrays the applicable legal and factual issues presented by this petition. Therefore, the Court adopts the R&R as the order of the Court and DISMISSES Petitioner's § 2241 petition without prejudice and without requiring a response from Respondent.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

June  13 , 2013
Charleston, South Carolina

4